UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AGUSTIN PENA-SANCHEZ,<br><br>　　　　　　　　　　Plaintiff,<br><br>　-against-<br><br>NEW YORK CITY; DEPARTMENT OF<br>CORRECTION NYC,<br><br>　　　　　　　　　　Defendants. | 22-CV-4942 (LTS)<br><br>PARTIAL TRANSFER ORDER AND<br>ORDER TO AMEND |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated at the Anna M. Kross Center on Rikers Island,

brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his

constitutional rights. By order dated June 13, 2022, the Court granted Plaintiff's request to

proceed *in forma pauperis* (IFP), that is, without prepayment of fees.[1] For the reasons set forth

below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of

this order.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought

by prisoners who seek relief against a governmental entity or an officer or employee of a

governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma*

*pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief from a defendant who is

immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## BACKGROUND

The following facts are drawn from the complaint, which names as Defendants the City of New York and the New York City Department of Correction (DOC). On May 20, 2022, "in the annex downstairs" in the Queens County Supreme Court, corrections officers "turned off" their body cameras and assaulted Plaintiff, "beat[ing him] badly," and used racial slurs against him (ECF 2 ¶ V.)

Plaintiff further asserts that, during his custody at Rikers, he has been denied access to mail services and the law library, and that DOC officers confiscated from him unspecified exculpatory "evidence" and threatened him with violence when he complained about these matters. Plaintiff makes several references to another Rikers detainee, Andre Antrobus. (*Id.*) Plaintiff seeks money damages.

## DISCUSSION

### A.    Severance of claims arising outside this District

Rules 18 and 20 of the Federal Rules of Civil Procedure govern the joinder of claims and parties, respectively. Rule 18 permits a plaintiff to join as many claims as he has against a particular defendant. *See* Fed. R. Civ. P. 18(a). By contrast, under Rule 20, a plaintiff may not pursue unrelated claims against multiple defendants. *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 167 (S.D.N.Y. 2009).

Rule 20(a)(2) permits a plaintiff to join multiple defendants in one action if: (A) any right to relief is asserted against them jointly, severally, or in the alternative arising out of the same transaction, occurrence, or series of transactions . . . ; and (B) any question of law or fact common to all defendants will arise in the action. Although courts have interpreted Rule 20(a)

liberally to allow related claims to be tried within a single proceeding, *Barr Rubber Products Co. v. Sun Rubber Co.*, 425 F.2d 1114, 1126-27 (2d Cir. 1970), "the mere allegation that Plaintiff was injured by all Defendants is not sufficient to join unrelated parties as defendants in the same lawsuit pursuant to Rule 20(a)," *Deskovic*, 673 F. Supp. 2d at 167.

Rule 21 of the Federal Rules of Civil Procedure provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. In determining whether to sever a claim, the court considers "the two requirements of Rule 20 and additional factors, including (1) whether severance will serve judicial economy; (2) whether prejudice to the parties would be caused by severance; and (3) whether the claims involve different witnesses and evidence." *Kehr v. Yamaha Motor Corp.*, 596 F. Supp. 2d 821, 826 (S.D.N.Y. 2008) (relying on *Laureano v. Goord*, No. 06-CV-7845 (SHS) (RLE), 2007 WL 2826649, at *8 (S.D.N.Y. Aug. 31, 2007)). Put another way, courts "look to the logical relationship between the claims and determine 'whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit.'" *Kalie v. Bank of Am. Corp.*, No. 12-CV-9192 (PAE), 2013 WL 4044951, at *3 (S.D.N.Y. Aug. 9, 2013) (quoting *United States v. Aquavella*, 615 F.2d 12, 22 (2d Cir. 1979)).

Plaintiff alleges that correction officers assaulted him in the Queens County Courthouse. He also alleges conditions-of-confinement claims in connection with his detention at Rikers Island. Joinder of the claims arising from the courthouse assault and the claims arising from events at Rikers does not comport with Rule 20(a). These claims are not logically connected. *See, e.g.*, *Smith v. Goord*, No. 04-CV-6432, 2006 WL 2850597, at *3 (W.D.N.Y. Sep. 22, 2006) (disallowing joinder of claims against defendants at different correctional facilities where there

was no suggestion that original defendants were involved in the actions taken against plaintiff in a different facility more than one year later); *Webb v. Maldanado*, No. 13-CV-144 (RNC), 2013 WL 3243135, at *3 (D. Conn. June 26, 2013) ("Unrelated claims against different defendants belong in different suits . . . to prevent the sort of morass" created by a complaint with more than twenty defendants and countless unrelated claims. (quotation and citation omitted)).

For these reasons, the Court concludes that it is appropriate to sever Plaintiff's claims arising in the Queens County Courthouse from the claims arising at Rikers. The Court therefore severs those claims.

**B.** **Transfer of Claims Arising outside this District**

When a court orders the severance of claims, it creates two or more separate "actions," and the court may transfer one separate action while retaining jurisdiction of another. *Wyndham Assoc. v. Bintliff*, 398 F.2d 614, 618 (2d Cir. 1968).

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

The events giving rise to Plaintiff's claims arising in the Queens County Courthouse took place in Queens County, New York, which falls within the Eastern District of New York. *See* 28

U.S.C. § 112(c). Plaintiff does not allege that any defendant named in connection with the events that are alleged to have transpired at the Queens County Courthouse resides in the Southern District of New York. Venue for those claims therefore does not appear to be proper in this District under Section 1391(b)(1) or (2).

Even if venue is proper here, however, the Court may transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own initiative. *See Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426-427 (S.D.N.Y. 2013) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established." (quoting *Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003))); *see also Lead Indus. Ass'n. Inc. v. OSHA.*, 610 F.2d 70, 79 (2d Cir. 1979) (noting that "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*").

In determining whether transfer under Section 1404(a) is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law;

(8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer of the severed claims appears to be appropriate in this case. The events underlying the severed claims occurred in Queens County, which is within the Eastern District of New York. *See* 28 U.S.C. § 112(a). Venue for the severed claims is therefore proper in the Eastern District of New York. *See* 28 U.S.C. § 1391(b). Based on the totality of the circumstances, the Court concludes that it is in the interest of justice to transfer the severed claims to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a). Plaintiff's claims arising at Rikers Island will remain in this Court.

## C.    Claims arising at Rikers Island

### 1.    Law library

Prisoners "have a constitutional right of access to the courts," and this right generally "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bourdon v. Loughren,* 386 F.3d 88, 92-93 (2d Cir. 2004) (quoting *Bounds v. Smith,* 420 U.S. 817, 821, 828 (1977)). "[P]rison law libraries and legal assistance programs are not [constitutionally mandated] ends in themselves, but only the means for ensuring a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Lewis v. Casey,* 518 U.S. 343, 351 (1996) (internal quotation marks omitted).

To state an access-to-courts claim, a plaintiff must allege facts suggesting that he has a valid underlying cause of action separate from the right-of-access claim, in which the defendant's actions hindered the litigation of that claim, causing an actual injury to the plaintiff. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (citing *Lewis*, 518 U.S. at 353). Individuals who are imprisoned "cannot establish relevant actual injury simply by establishing that [a] prison's law library or legal assistance program is subpar in some theoretical sense." *Lewis*, 518 U.S. at 351.

Prison law libraries are "one constitutionally acceptable method to assure meaningful access to the courts," *id.*; the assignment "of counsel [also] can be a means of accessing the courts," *Benjamin,* 264 F.3d at 186.

> Because attorneys, by definition, are trained and qualified in legal matters, when a prisoner with appointed counsel claims that he was hindered by prison officials in his efforts to defend himself or pursue other relevant legal claims, he must show that, on the facts of his case, the provision of counsel did not furnish him with the capability of bringing his challenges before the courts.

*Bourdon*, 386 F.3d at 98.

Here, Plaintiff fails to state an access-to-courts claim for two reasons. First, Plaintiff does not identify the nature of the "nonfrivolous, 'arguable' underlying claim" he is pursuing. *Harbury*, 546 U.S. at 415. Second, if Plaintiff is pursuing a meritorious legal issue arising from his criminal proceedings, he does not state any facts suggesting that he lacked access to his criminal defense attorney, who on Plaintiff's behalf, is capable of pursuing any meritorious claim. The Court grants Plaintiff leave to amend his complaint to provide any additional facts suggesting that he was hindered from pursuing an arguably meritorious legal claim for which he is not represented by counsel.

2.    Mail

The Court construes Plaintiff's allegations as also attempting to assert a general mail-tampering claim. To state a claim based on general mail tampering, a plaintiff must allege that the incidents: (1) suggest an ongoing practice of censorship unjustified by a substantial government interest, or (2) have unjustifiably chilled the prisoner's right of access to the court or impaired his legal representation. *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003) (relying on *Heimerle v. Attorney General*, 753 F.2d 10, 12–13 (2d Cir.1985)). "[A]n isolated incident of mail tampering is usually insufficient to establish a constitutional violation." *Id.* at 351-52. But as few as two incidents of mail tampering may constitute a First Amendment violation if indicative of "regular" and "unjustifiable" interference with a prisoner's mail. *Id.* at 351; *see Washington v. James*, 782 F.2d 1134, 1139 (2d Cir. 1986).

Plaintiff does not allege enough facts to suggest that Defendants interfered with his mail in a manner that rises to the level of a constitutional violation. He does not state that Defendants subjected him to regular and unjustifiable interference with his mail or that any inference affected his ability to access the courts or impaired his legal representation. Plaintiff's claim concerning alleged mail-tampering is therefore dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

3.    Property claim

A claim for deprivation of property is not recognized in federal court if the state courts provide a remedy for the deprivation of that property. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Marino v. Ameruso*, 837 F.2d 45, 47 (2d Cir. 1988) (citations omitted). "[T]he availability of an action in the Court of Claims provides [an] adequate post-deprivation remedy for prisoners who claim deprivation of personal property by prison officials." *Jones v. Harris*, 665 F. Supp. 2d 384, 401 (S.D.N.Y. 2009) (describing procedure available to state prisoners). Thus, "even the

intentional destruction of an inmate's property by a prison officer does not violate the Due Process Clause if the state provides that inmate with an adequate post-deprivation remedy." *Little v. Mun. Corp.*, 51 F. Supp. 3d 473, 499 (S.D.N.Y. 2014) (New York state law provides pretrial detainees with an adequate post-deprivation remedy, that is, Section 9 of the Court of Claims Act).

To the extent Plaintiff seeks damages for the loss of property, he fails to allege facts demonstrating that his available state remedies are in any way inadequate. *See Butler v. Castro*, 896 F.2d 698, 700-04 (2d Cir. 1990). Plaintiff's claim concerning the loss of his property is therefore dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**D.      The named defendants**

1.      New York City Department of Correction

Plaintiff's claims against the New York City Department of Correction (DOC) must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency."). Plaintiff's claims against DOC are dismissed for failure to state a claim on which relief may be granted.

2.      New York City

When a plaintiff sues a municipality under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See*

*Connick v. Thompson,* 131 S. Ct. 1350, 1359 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Plaintiff does not provide facts suggesting that a municipal policy, custom, or practice played a role in the events giving rise to this complaint. The Court therefore dismisses without prejudice Plaintiff's claim against New York City and grants Plaintiff leave to amend his claim to provide any facts in support of his claim against New York City.

### LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege

additional facts to state a valid claim concerning the events that allegedly took place at Rikers Island, the Court grants Plaintiff 60 days' leave to amend his complaint to detail those claims.

Plaintiff is granted leave to amend his complaint to provide more facts about his conditions-of-confinement claims arising from events occurring at Rikers Island. First, Plaintiff must name as the defendant(s) in the caption[2] and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[3] The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

---

[2] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the Amended Complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

[3] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2010, at Sullivan Correctional Facility, during the 7-3 p.m. shift."

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to sever the claims arising from the alleged incident in the Queens County Courthouse and transfer them, under 28 U.S.C. § 1404(a), to the United States District Court for the Eastern District of New York.

Plaintiff is granted leave to file an amended complaint in this Court, in connection with his claims arising in AMKC on Rikers Island, that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 22-CV-4942 (LTS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   July 26, 2022
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

_____

_____

Write the full name of each plaintiff.



-against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____

(Include case number if one has been assigned)

**COMPLAINT**

(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

## I.  LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.  PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name                    Middle Initial                    Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                              State                         Zip Code

## III.  PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                    Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                 Zip Code

Defendant 2:

First Name                    Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                 Zip Code

Defendant 3:

First Name                    Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                 Zip Code

Defendant 4:

First Name                    Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                 Zip Code

## V.    STATEMENT OF CLAIM

Place(s) of occurrence:  _____

Date(s) of occurrence:  _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.   RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

_____

## VII.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.


Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.


| Dated | | Plaintiff's Signature |
| --- | --- | --- |

| First Name | Middle Initial | Last Name |
| --- | --- | --- |

Prison Address

| County, City | State | Zip Code |
| --- | --- | --- |


Date on which I am delivering this complaint to prison authorities for mailing: _____